UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TARANEKA N. HAYES,

                                  Plaintiff,                  Case # 18-CV-963-FPG

v.                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

## INTRODUCTION

       Plaintiff Taraneka N. Hayes brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

       Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 15. For the reasons that follow, the Commissioner's motion is DENIED, Hayes's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

## BACKGROUND

       In October 2014, Hayes applied for SSI with the Social Security Administration (the "SSA"). Tr.[1] 159. She alleged disability since July 2013 due to injuries from a car accident, back pain, neck pain, high blood pressure, and Type 2 diabetes. Tr. 73-74. In January 2017, Hayes and a vocational expert ("VE") appeared at a hearing before Administrative Law Judge Elizabeth Ebner ("the ALJ"). Tr. 37. On May 2, 2017, the ALJ issued a decision finding that Hayes is not

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

1

disabled. Tr. 18-33. On July 3, 2018, the Appeals Council denied Hayes's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Hayes's claim for benefits under the process described above. At step one, the ALJ found that Hayes has not engaged in any substantial gainful activity since the onset

date. Tr. 21. At step two, the ALJ found that Hayes has severe impairments of cervical and lumbar degenerative disc disease, diabetes with retinopathy, obesity, and hypertension. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. *Id.*

Next, the ALJ divided her analysis into two time periods: (1) between July 21, 2013 and September 19, 2014, and (2) after September 19, 2014. The first period represents the time between Hayes's car accident and her discharge from remedial physical therapy. *See* Tr. 23-24. The second period relates to the time after discharge, which is when the ALJ concluded that Hayes had medically improved. *See* 20 C.F.R. § 416.994 (discussing standards for medical improvement).

As to the first time period, the ALJ determined that that Hayes retained the RFC to perform less than a full range of sedentary work, but would be off-task "up to thirty percent of an eight-hour workday." Tr. 22. At step four, the ALJ found that Hayes could not perform her past relevant work. Tr. 26. At step five, the ALJ found that there were no jobs that existed in significant numbers in the national economy that Hayes could have performed. Tr. 27. Accordingly, the ALJ concluded that Hayes was disabled between July 21, 2013 through September 19, 2014. *Id.*

As to the second time period, the ALJ determined that Hayes had the RFC to perform less than a full range of sedentary work, but without the off-task restriction. Tr. 28. The ALJ found that Hayes could not perform her past relevant work but that there were jobs that existed in significant numbers in the national economy that she could perform. Tr. 32. The ALJ therefore found that Hayes has not been disabled since September 20, 2014. Tr. 33.

**II. Analysis**

Hayes challenges both of the ALJ's RFCs, arguing on a variety of grounds that they are erroneous. Because it is dispositive, however, the Court need only address one argument: that the ALJ's RFCs are erroneous because they are not supported by competent medical opinion. On that issue, the Court agrees with Hayes.

An RFC determination does not have to "perfectly correspond" with the medical source opinions cited in the ALJ's decision; rather, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order). But "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). In other words, an ALJ's ability to make inferences about the functional limitations that an impairment poses does not extend beyond that of an ordinary layperson. While an ALJ may render "common sense judgment[s] about functional capacity," she must avoid "the temptation to play doctor." *Id. Compare Doney v. Astrue*, 485 F. App'x 163, 165 (9th Cir. 2012) (noting that an ALJ can make reasonable inferences from a claimant's reports of daily activities), *with Agostino v. Comm'r of Soc. Sec.*, No. 18-CV-1391, 2020 WL 95421, at *3 (W.D.N.Y. Jan. 8, 2020) ("It is simply not a common-sense inference that [the claimant's] lumbar and knee problems, in conjunction with her obesity, would render her able to stand for 45 minutes at a time so long as she could sit for one to two minutes. That is a more complex medical determination that requires a level of expertise that the ALJ does not have.").

In this case, the ALJ assembled the RFCs by making inferences from bare medical findings that were outside her competence to make. For example, the ALJ imposed limitations that Hayes can climb ramps, stairs, balance, stoop, kneel, crouch, and crawl occasionally; can never climb ladders, ropes or scaffolds; and cannot be exposed to unprotected heights or dangerous moving mechanical parts. Tr. 28. These limitations were based in part on treatment notes showing "reduced range of motion, pain, spasms, tenderness, and decreased strength." Tr. 26. It is not clear to the Court how the ALJ, as a layperson, could translate such medical findings into highly specific restrictions.

Similarly, the ALJ concluded that Hayes "was limited to avoiding ordinary workplace hazards" because she has retinopathy—an eye condition causing vision loss. Tr. 22, 26; *see also Brown v. Berryhill*, No. 17-CV-6485, 2018 WL 2979097, at *2 n.3 (W.D.N.Y. June 14, 2018) (defining retinopathy). That inference seems to have been drawn solely from the ALJ's review of the relevant medical records, which is, again, not an appropriate analysis for the ALJ to undertake absent a competent medical opinion. *See* Tr. 25, 26, 30. Many of the other limitations that the ALJ identified suffer from the same problem. *See* Tr. 26, 31.

In short, in reaching her conclusions, the ALJ failed to rely on medical opinion that could bridge the gap between the clinical findings and specific functional limitations. Indeed, the only medical opinion to which the ALJ afforded significant weight was a consultative evaluation in which the doctor found that Hayes has "mild limitations for prolonged walking, bending, kneeling, and overhead reaching." Tr. 29, 236. That opinion hardly supports the numerous, specific restrictions that the ALJ gleaned from the record.[2]

---

[2] Likewise, the ALJ gave significant weight to a treatment note from Hayes's physical therapist, who concluded that, after the physical therapy program, Hayes showed "95%" improvement and could "work without any restriction." Tr. 700. That vague opinion does not support the inferences the ALJ made to craft the RFCs.

The Commissioner cites several cases for the proposition that an "ALJ is not required to identify a medical source opinion to support an RFC." ECF No. 15 at 20. However, other courts in this Circuit have rejected this exact argument and distinguished the authority on which the Commissioner relies. *See, e.g.*, *Ippolito v. Comm'r of Soc. Sec.*, No. 18-CV-403, 2019 WL 3927453, at *4 (W.D.N.Y. Aug. 19, 2019); *Johnson v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 286, 293 (W.D.N.Y. 2018).

Ultimately, it is clearly established that "the ALJ may not interpret raw medical data in functional terms," *Johnson*, 351 F. Supp. 3d at 29, and that is what the ALJ did here. Therefore, remand is warranted for further development of the record. *See York v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 259, 263 (W.D.N.Y. 2019).

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED and Hayes's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 12, 2020
      Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          Chief Judge
                                          United States District Court